# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| Sonia Yenovkian, | 2:24-cv-00119-RFB-MDC |
| Plaintiff(s), |  |
| vs. | **Order** |
| Apple Card/ Goldman Sachs Banks, |  |
| Defendant(s). |  |

Pending before the Court are plaintiff's *Motion for Leave to Conduct Limited Discovery* ("Motion to Conduct Limited Discovery") (ECF No. 12) and *Motion to Extend Time to Respond to Motion to Dismiss* ("Motion to Extend") (ECF No. 13).

## DISCUSSION

### I.   BACKGROUND

On January 17, 2024, plaintiff filed a Complaint (ECF No. 1) against defendant for defendant's alleged "[refusal] to accept lawful payment." ECF No. 1 at 1:28. On February 20, 2024, defendant filed a *Motion to Dismiss* (ECF No. 3) plaintiff's initial Complaint.  Defendant argued that "plaintiff's complaint is patently frivolous" and that plaintiff's "lawful payment" was a "self-created 'Certificate of Payment.'" ECF No. 3 at 2:16-17, 20.   Plaintiff responded to defendant's motion (ECF No. 3) by filing an Amended Complaint on March 1, 2024 (ECF No. 7).

On March 13, 2024, defendant filed a second *Motion to Dismiss* (ECF No. 8) now seeking to dismiss plaintiff's subsequent Amended Complaint. On March 18, 2024, plaintiff filed a Response (ECF No. 11) to defendant's second *Motion to Dismiss.* Defendant filed its Reply (ECF No. 15) to its second *Motion to Dismiss* primarily arguing that plaintiff's Response (ECF No. 11) contains no points and authorities and thus, does not constitute an "opposition" under LR 7-2(d).

During this flurry of motions, plaintiff also filed a *Motion to Conduct Limited Discovery* (ECF No. 12) and a *Motion to Extend* (ECF No. 13), which are pending before the Court.  By these motions, plaintiff requests to conduct discovery and to be allowed to more fully respond to defendant's *Motion to Dismiss* (ECF No. 8) after conducting discovery. While these two motions were pending, but after the opposition deadline had expired, plaintiff filed a more substantive opposition (ECF No. 20) to defendant's second Motion to Dismiss (ECF No. 8).

This decision addresses plaintiff's *Motion to Conduct Limited Discovery* (ECF No. 12) and a *Motion to Extend* (ECF No. 13).  This decision does not address the *Motions to Dismiss* (ECF Nos. 3 and 8), as those matters are for the District Judge's determination.

## II.   PENDING MOTIONS

### a.   Motion to Conduct Limited Discovery

Plaintiff's *Motion to Conduct Limited Discovery* (ECF No. 12) seeks to conduct discovery in order to substantively respond to defendant's second *Motion to Dismiss* (ECF No. 8). Plaintiff, however, has substantively responded (ECF No. 20) to defendant's second *Motion to Dismiss*.  Thus, plaintiff's *Motion to Conduct Limited Discovery* is moot.  Moreover, the issues raised by plaintiff's complaint appear to be purely legal.  Plaintiff appears to be part of the sovereign citizen movement and claims that her so-called "Certificate of Payment- Legal Tender," which she created, somehow constitutes "full payment" to defendant for a sum plaintiff owes the defendant.  Plaintiff does not dispute the amount she owes defendant in her complaint (or amended complaint).  *See* ECF Nos. 1 and 7.   Thus, it is manifest that no discovery is required to resolve defendant's *Motion to Dismiss*, challenging plaintiff's Complaint and whether plaintiff's self-created "Certificate of Payment- Legal Tender," somehow constitutes legal payment to defendant for debt owed by plaintiff.  That issue may be resolved as a matter of law, without discovery. *C.f. Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989) (holding that a complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional); *see also Denton v. Hernandez,* 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

### b. Motion to Extend Time to Respond

The deadline to respond to defendant's second Motion to Dismiss (ECF No. 8) was March 27, 2024. Plaintiff filed an initial Opposition on March 18, 2024 (ECF No. 11), which defendant argued was a non-opposition because it was bereft of points and authorities.  Plaintiff then filed her *Motion to Extend* (ECF No. 13). While plaintiff's *Motion to Extend* (ECF No. 13) primarily seeks to conduct discovery before opposing plaintiff's second *Motion to Dismiss*, the Court will construe the *Motion to Extend* to be generally requesting an extension of time to oppose defendant's second *Motion to Dismiss See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed.'"). On April 3, 2024, while her *Motion to Extend* was pending, plaintiff filed a more substantive Opposition (ECF No. 20) to defendant's second *Motion to Dismiss*. The Court grants in part plaintiff's *Motion to Extend* (ECF No. 13) to the extent that plaintiff sought additional time to file a substantive opposition to defendant's second Motion to Dismiss, as the Court construed.  The Court denies plaintiff's *Motion to Extend* (ECF No. 13) on all other grounds.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Extend* (ECF No. 13) is GRANTED IN PART to accept plaintiff's April 20, 2024, opposition to defendant's second motion to dismiss as timely. Plaintiff's *Motion to Extend* (ECF No. 13) is DENIED ON ALL OTHER GROUNDS.

2. The *Motion to Conduct Limited Discovery* (ECF No. 12) is DENIED.

## <u>NOTICE</u>

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 10th day of April 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge