UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SONIA YENOVKIAN, | Case No. 2:24-cv-00119-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| APPLE CARD / GOLDMAN SACHS BANK USA, | |
| Defendant. | |

### I.    INTRODUCTION

Before the Court are Defendant Goldman Sachs Bank USA's Motions to Dismiss. ECF Nos. 3, 8. For the reasons discussed below, the Court denies Defendant's first Motion to Dismiss as moot and grants Defendant's second Motion to Dismiss.

### II.    BACKGROUND

The following allegations are taken from the Complaint. Plaintiff Sonia Yenovkian applied for and was issued an Apple credit card account ("Account") by Defendant Goldman Sachs Bank USA. She used that Account and incurred charges. The outstanding balance on Plaintiff's Account on January 5, 2024, was $5,490.45. On that day, Plaintiff alleges she "submitted payment" of the $5,490.45 balance on the Account by mailing to GS Bank a "negotiable instrument."

On January 17, 2024, Plaintiff filed a Complaint against Defendant for Defendant's alleged "[refusal] to accept lawful payment." ECF No. 1. On February 20, 2024, Defendant filed a Motion to Dismiss Plaintiff's initial Complaint. ECF No. 3. Defendant argued that "plaintiff's complaint

is patently frivolous" and that Plaintiff's "lawful payment" was a "self-created 'Certificate of Payment.'" On March 1, 2024, Plaintiff filed both a Response to the Motion to Dismiss and, without leave of Court, an Amended Complaint. ECF No. 7. On March 13, 2024, Defendant filed a second Motion to Dismiss seeking to dismiss Plaintiff's subsequent Amended Complaint. ECF No. 8. On March 18, 2024, Plaintiff filed a Response to Defendant's second Motion to Dismiss. ECF No. 11. Defendant filed its Reply to its second Motion to Dismiss primarily arguing that plaintiff's Response contains no points and authorities and thus, does not constitute an "opposition" under LR 7-2(d). ECF No. 15. On April 3, 20214, Plaintiff filed an additional Response to Defendant's second Motion to Dismiss. ECF No. 20. Defendant filed an additional Reply. ECF No. 24. This Order follows.

### III.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

**IV.     DISCUSSION**

Plaintiff asserts a number of claims under Title 14: 18 U.S.C. §§ 657, 662, 880, 2314, 1956, 1348, 1581, 1583, 1584, and 1589. Plaintiff has not demonstrated that there is a private right of action under any of the code provisions she relies upon that would allow her to bring a suit to enforce them. See, e.g., Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A., 511 U.S. 164, 190 (1994) (expressing "reluctan[ce] to infer a private right of action from a criminal prohibition alone" and refusing to "infer a private right of action from 'a bare criminal statute'"); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence ... a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). None of these statutes expressly provide for a private right of enforcement and, as a general rule, it is only under rare circumstances that courts will imply a private right of action to enforce criminal laws. See Chrysler Corp. v. Brown, 441 U.S. 281, 284 (1979); Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) (stating that "[t]he Supreme Court noted that it 'has rarely implied a private right of action under a criminal statute'"); Dyson v. Utigard, 163 F.3d 607 (9th Cir. 1998) ("[Plaintiff] has no private right of action under Title 18 of the United States Code."). Even if a cause of action were available, the Plaintiff also fails to plead sufficient facts to plausibly satisfy a claim under these statutes. Therefore, these claims fail and are dismissed with prejudice.

Plaintiff also alleges that Defendant violated 12 U.S.C. § 504, which imposes civil penalties on banks for certain misconduct under the Federal Reserve Act. It too does not create a private right of action. See Thomas v. BMO Harris Bank, No. 23-00224-TFM-B, 2024 U.S. Dist. LEXIS 10063, at *12 (S.D. Ala. Jan. 19, 2024) (collecting cases finding that Section 29 does not create private right of action); Benz-Puente v. Truist Fin., No. 23-2682, 2023 U.S. Dist. LEXIS 128817, at *4 (E.D. Pa. July 26, 2023) (compiling more cases); Smith v. Osvaldik, No. 1:23-cv-01488-HBK, 2024 U.S. Dist. LEXIS 30497, at *7 (E.D. Cal. Feb. 22, 2024) (noting that "numerous district courts across the county have found that the Federal Reserve Act does not provide individuals with a private cause of action"). No additional facts could cure the deficiency of this claim, which is that Plaintiff does not have the right to sue under this statute. Therefore, the claim is dismissed with prejudice.

Plaintiff also alleges that Defendant violated 15 U.S.C. § 1. To have standing to bring a cause of action under 15 U.S.C. § 1, a plaintiff must demonstrate that they suffered an "antitrust injury." Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1102 (9th Cir. 1999). An antitrust injury is an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Id. (internal citations omitted). Plaintiff has failed to allege how her injury is related to any antitrust violation. This claim is also dismissed with prejudice.

Plaintiff alleges that Defendant violated 18 U.S.C. § 1593A. Section 1595 of the federal Trafficking Victims Protection Reauthorization Act does provide a private right of action for victims of violations of Chapter 77 of Title 18, which includes Section 1593A. See 18 U.S.C. § 1595(a) (imposing civil liability against "whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter . . . ."). To state a claim under Section 1595, a plaintiff must allege that the defendant has constructive knowledge of the violation at issue. Id. Plaintiff has failed to allege that Defendant engaged in, profited from, or had knowledge of peonage, slavery, or human trafficking in violation of Section 1593A. She has also failed to allege that she was the victim of any of these violations. This claim fails and is dismissed with prejudice.

Finally, Plaintiff alleges breach of contract. The contract at issue, which is the Cardmember Agreement, provides that Utah is the governing law. Under Utah law, the elements of a *prima facie* case for breach of contract are (1) the existence of a valid contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages. Espenschied Transp. Corp. v. Fleetwood Servs., 422 P.3d 829, 833 (Utah 2018). Plaintiff's Complaint does not plead facts that plausibly establish essential elements of a breach of contract claim, including that she performed her contractual obligations, and that Defendant committed a material breach. While Plaintiff alleges that she tendered payment by mailing Defendant a self-manufactured "Certificate of Payment Instrument in Lieu of Currency," she does not contend that she sent Defendant a payment in U.S. dollars, as required under the terms of the contract. Plaintiff also fails to identify

any specific contract term that Defendant violated. Accordingly, Plaintiff's claim for breach of the Cardmember Agreement fails.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). A district court need not grant leave to amend where amendment is futile. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011); Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"). Here, since it is clear from the Complaint's exhibit that Plaintiff's "Certificate of Payment" was not valid legal tender and Defendant's refusal to accept it as such could not provide a factual basis for a claim, amendment would be futile. The Court dismisses the breach of contract claim with prejudice.

In conclusion, because Plaintiff has not alleged facts that plausibly state a breach of contract claim and she lacks standing to assert the remaining claims for violations of various federal statutes, dismissal of the Amended Complaint under Rule 12(b)(6) is appropriate. Plaintiff may not reassert these claims as they are incapable of being cured.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. The Amended Complaint is dismissed with prejudice. The clerk of Court is instructed to close this case.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 3) is **DENIED** as moot.

**DATED:** September 29, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**